
FILED IN OPEN COURT
ON 12-9-2025
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

NO. 7:25-CR-119-1
NO. 7:25-CR-119-2
NO. 7:25-CR-119-3
NO. 7:25-CR-119-4
NO. 7:25-CR-119-5
NO. 7:25-CR-119-6
NO. 7:25-CR-119-7
NO. 7:25-CR-119-8
NO. 7:25-CR-119-9
NO. 7:25-CR-119-10
NO. 7:25-CR-119-11
NO. 7:25-CR-119-12

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ROBBIONTA MONSON ) | |
| a/k/a "MIKE" ) | |
| a/k/a "BIG MAN" ) | |
| KAREN LISA MONSON ) | |
| JOSE ALBERTO LEON ) | |
| LARRY GEORGE SPEARS ) | **INDICTMENT** |
| a/k/a "SMILEY" ) | |
| ASHLEY JOY SMITH ) | **[UNDER SEAL]** |
| LOUIS SANTINO DAMIANI ) | |
| a/k/a "DANNY" ) | |
| MATTHEW WALTER EVANS ) | |
| a/k/a "SLIM" ) | |
| ZACHARY DANE MURPHY ) | |
| MARQUESE RAEKWON SANDERS ) | |
| O'DELL CLARENCE BULLARD, JR. ) | |
| a/k/a "UNC" ) | |
| COLLINS KUSI SAKYI ) | |
| BRIAN JAMES SELLERS ) | |

1

The Grand Jury charges that:

<u>COUNT ONE</u>

Beginning in or about February 2025, the exact date being unknown, and continuing up to and through the date of this Indictment, in the Eastern District of North Carolina, and elsewhere, the defendants ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," KAREN LISA MONSON, JOSE ALBERTO LEON, LARRY GEORGE SPEARS, also known as "SMILEY," ASHLEY JOY SMITH, LOUIS SANTINO DAMIANI, also known as "DANNY," MATTHEW WALTER EVANS, also known as "SLIM," ZACHARY DANE MURPHY, MARQUESE RAEKWON SANDERS, O'DELL CLARENCE BULLARD, JR., also known as "UNC," COLLINS KUSI SAKYI, and BRIAN JAMES SELLERS, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other and with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute, and possess with the intent to distribute methamphetamine and fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1).

<u>Quantity of Controlled Substances Involved in the Conspiracy</u>

With respect to the defendant, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine and four hundred (400) grams or more of fentanyl, Schedule II controlled substances.

2

With respect to the defendant, KAREN LISA MONSON, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of conspirators reasonably foreseeable to her, is fifty (50) grams or more of methamphetamine and a quantity of fentanyl, Schedule II controlled substances.

With respect to the defendant, JOSE ALBERTO LEON, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine, a Schedule II controlled substance.

With respect to the defendant, LARRY GEORGE SPEARS, also known as "SMILEY," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine, a Schedule II controlled substance.

With respect to the defendant, ASHLEY JOY SMITH, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of conspirators reasonably foreseeable to her, is fifty (50) grams or more of methamphetamine, a Schedule II controlled substance.

With respect to the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine and four hundred (400) grams or more of fentanyl, Schedule II controlled substances.

3

With respect to the defendant, MATTHEW WALTER EVANS, also known as "SLIM," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine and a quantity of fentanyl, Schedule II controlled substances.

With respect to the defendant, ZACHARY DANE MURPHY, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine and four hundred (400) grams or more of fentanyl, Schedule II controlled substances.

With respect to the defendant, O'DELL CLARENCE BULLARD, JR., also known as "UNC," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is five (5) grams or more of methamphetamine and forty (40) grams or more of fentanyl, Schedule II controlled substances.

With respect to the defendant, MARQUESE RAEKWON SANDERS, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is four hundred (400) grams or more of fentanyl, a Schedule II controlled substance.

With respect to the defendant, COLLINS KUSI SAKYI, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct

4

of conspirators reasonably foreseeable to him, is forty (40) grams or more of fentanyl, a Schedule II controlled substance.

With respect to the defendant, BRIAN JAMES SELLERS, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 846.

## ALLEGATION OF PRIOR CONVICTION

Before ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," committed the offense charged in this Count, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before JOSE ALBERTO LEON committed the offense charged in this Count, JOSE ALBERTO LEON had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before MARQUESE RAEKWON SANDERS committed the offense charged in this Count, MARQUESE RAEKWON SANDERS had a final conviction for a serious

5

drug felony, namely, a conviction under Title 21, United States Code, Section 841(a)(1) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before COLLINS KUSI SAKYI committed the offense charged in this Count, COLLINS KUSI SAKYI had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT TWO

On or about May 6, 2025, in the Eastern District of North Carolina, the defendant, MATTHEW WALTER EVANS, also known as "SLIM," did knowingly and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT THREE

On or about May 30, 2025, in the Eastern District of North Carolina, the defendant, MATTHEW WALTER EVANS, also known as "SLIM," did knowingly and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

6

## COUNT FOUR

On or about May 30, 2025, in the Eastern District of North Carolina, the defendant, MATTHEW WALTER EVANS, also known as "SLIM," did knowingly and intentionally possess with intent to distribute five (5) grams or more of methamphetamine and a quantity of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

On or about May 30, 2025, in the Eastern District of North Carolina, the defendant, MATTHEW WALTER EVANS, also known as "SLIM," knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, as charged in Count Four of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT SIX

On or about May 30, 2025, in the Eastern District of North Carolina, the defendant, MATTHEW WALTER EVANS, also known as "SLIM," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT SEVEN

On or about June 6, 2025, in the Eastern District of North Carolina, the defendant, BRIAN JAMES SELLERS, did knowingly and intentionally distribute

7

five (5) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

On or about June 18, 2025, in the Eastern District of North Carolina, the defendant, ZACHARY DANE MURPHY, did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine and a quantity of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

On or about June 18, 2025, in the Eastern District of North Carolina, the defendant, ZACHARY DANE MURPHY, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, as charged in Count Eight of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TEN

On or about June 26, 2025, in the Eastern District of North Carolina, the defendant, O'DELL CLARENCE BULLARD, JR., also known as "UNC," did knowingly and intentionally possess with intent to distribute five (5) grams or more of methamphetamine, a quantity of cocaine, and a quantity of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

8

## COUNT ELEVEN

On or about June 26, 2025, in the Eastern District of North Carolina, the defendant, O'DELL CLARENCE BULLARD, JR., also known as "UNC," knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, as charged in Count Ten of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWELVE

On or about June 26, 2025, in the Eastern District of North Carolina, the defendant, O'DELL CLARENCE BULLARD, JR., also known as "UNC," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT THIRTEEN

On or about June 27, 2025, in the Eastern District of North Carolina, the defendant, BRIAN JAMES SELLERS, did knowingly and intentionally distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOURTEEN

On or about July 8, 2025, in the Eastern District of North Carolina, the defendants, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," and KAREN LISA MONSON, aiding and abetting each other, did knowingly

9

and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

On or about July 12, 2025, in the Eastern District of North Carolina, the defendant, COLLINS KUSI SAKYI, did knowingly and intentionally possess with intent to distribute forty (40) grams or more of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## ALLEGATION OF PRIOR CONVICTION

Before COLLINS KUSI SAKYI committed the offense charged in this Count, COLLINS KUSI SAKYI had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT SIXTEEN

On or about August 26, 2025, in the Eastern District of North Carolina, the defendant, MARQUESE RAEKWON SANDERS, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

10

<h3 align="center">COUNT SEVENTEEN</h3>

On or about August 28, 2025, in the Eastern District of North Carolina, the defendants, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," and LOUIS SANTINO DAMIANI, also known as "DANNY," aiding and abetting each other, did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<h3 align="center">ALLEGATION OF PRIOR CONVICTION</h3>

Before ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," committed the offense charged in this Count, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

<h3 align="center">COUNT EIGHTEEN</h3>

On or about September 4, 2025, in the Eastern District of North Carolina, the defendants, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," and LOUIS SANTINO DAMIANI, also known as "DANNY," aiding and abetting each other, did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of

11

Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## ALLEGATION OF PRIOR CONVICTION

Before ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," committed the offense charged in this Count, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT NINETEEN

On or about September 11, 2025, in the Eastern District of North Carolina, the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," did knowingly and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY

On or about September 30, 2025, in the Eastern District of North Carolina, the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," did knowingly and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-ONE

On or about October 3, 2025, in the Eastern District of North Carolina, the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," did knowingly

12

and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY-TWO

On or about October 10, 2025, in the Eastern District of North Carolina, the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," did knowingly and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY-THREE

On or about October 16, 2025, in the Eastern District of North Carolina, the defendants, LARRY GEORGE SPEARS, also known as "SMILEY," ASHLEY JOY SMITH, and LOUIS SANTINO DAMIANI, also known as "DANNY," aiding and abetting each other, did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT TWENTY-FOUR

On or about October 17, 2025, in the Eastern District of North Carolina, the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," did knowingly and intentionally distribute five (5) grams or more of methamphetamine and a quantity of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

13

## COUNT TWENTY-FIVE

On or about October 21, 2025, in the Eastern District of North Carolina, the defendants, LARRY GEORGE SPEARS, also known as "SMILEY," ASHLEY JOY SMITH, and LOUIS SANTINO DAMIANI, also known as "DANNY," aiding and abetting each other, did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX

On or about November 12, 2025, in the Eastern District of North Carolina, the defendant, LOUIS SANTINO DAMIANI, also known as "DANNY," did knowingly and intentionally distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-SEVEN

On or about November 20, 2025, in the Eastern District of North Carolina, the defendants, LARRY GEORGE SPEARS, also known as "SMILEY," and ASHLEY JOY SMITH, aiding and abetting each other, did knowingly and intentionally distribute fifty (50) grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21,

14

United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY-EIGHT

Beginning in or about February 2025, the exact date being unknown, and continuing up to and through the date of this indictment, in the Eastern District of North Carolina, and elsewhere, the defendants ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN," KAREN LISA MONSON, and JOSE ALBERTO LEON, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and with persons known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, ROBBIONTA MONSON, also known as "MIKE," also known as "BIG MAN,"

15

committed the violation alleged in Count Fourteen after a prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

For purposes of Title 21, United States Code, Sections 841(b) and 851, MATTHEW WALTER EVANS, also known as "SLIM," committed the violations alleged in Counts Two and Three after a prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

16

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

Upon conviction of any violation of 18 U.S.C. §§ 1956, 1957 or 1960 charged herein, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

17

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against ROBBIONTA MONSON, KAREN LISA MONSON, JOSE ALBERTO LEON, LARRY GEORGE SPEARS, ASHLEY JOY SMITH, and LOUIS SANTINO DAMIANI, in an amount to be determined.

Personal Property

b) One TISAS, Raider 9mm handgun, bearing serial number T0620-23BF02379, and all associated magazines and ammunition, seized on May 30, 2025 from MATTHEW WALTER EVANS from 401 Northwest Circle, Apartment 314, Jacksonville, NC;

c) One Sig Sauer, P238 .380 pistol, bearing serial number 27B310485, and all associated magazines and ammunition, seized on June 18, 2025, from ZACHARY DANE MURPHY in Jacksonville, NC;

d) Approximately $4,355 in United States Currency seized on June 18, 2025, from ZACHARY DANE MURPHY in Jacksonville, NC;

e) One Canik, Mete SFT 9mm handgun, bearing serial number 25CY00078, and all associated magazines and ammunition, seized on June 26, 2025, from O'DELL CLARENCE BULLARD, JR., also known as "UNC," from 203 Morton Street, Apartment 4, Jacksonville, NC;

18

f) Approximately $1,645 in United States Currency seized on June 26, 2025, from O'DELL CLARENCE BULLARD, JR., also known as "UNC," from 203 Morton Street, Apartment 4, Jacksonville, NC;

g) Approximately $7,900 in United States Currency seized on July 12, 2025, from COLLINS KUSI SAKYI, in Jacksonville, NC;

h) Seven rounds of 9mm ammunition, seized on August 26, 2025, from MARQUESE RAEKWON SANDERS, from 35 McDaniel Drive, Apartment 108, Jacksonville, NC

i) One Draco, NAK9 9mm handgun, bearing serial number RON2212242, and all associated magazines and ammunition, seized on August 26, 2025, from MARQUESE RAEKWON SANDERS, from 35 McDaniel Drive, Apartment 113, Jacksonville, NC;

j) One Canik, TP9 9mm handgun, bearing serial number T6472-21CB22994, and all associated magazines and ammunition, seized on August 26, 2025, from MARQUESE RAEKWON SANDERS, from 35 McDaniel Drive, Apartment 113, Jacksonville, NC;

k) One Sig Sauer, P320 10mm handgun, bearing serial number 58J506484, and all associated magazines and ammunition, seized on August 26, 2025, from MARQUESE RAEKWON SANDERS, from 35 McDaniel Drive, Apartment 113, Jacksonville, NC;

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has

19

been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 12\9\25

W. ELLIS BOYLE
United States Attorney

BY: KHARI L. CYRUS
Assistant United States Attorney

20